**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JAMES HARMON, III,**

    Plaintiff,

v.                                                 CASE NO. 4:06-cv-0090-SPM-AK

**JUDGE PETER WEBSTER, et al,**

    **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this cause pursuant to 42 U.S.C. §1983 against three state appellate judges and a prosecuting state attorney for alleged failures to protect his rights related to his sentencing.  (Doc. 1).  The Court has reviewed Plaintiff's complaint and finds that it fails to state a claim and should be dismissed.

The absolute immunity of a defendant is one of a number of grounds which justifies dismissal under 28 U.S.C. §1915.  Clark v. Ga. State Pardons and Parole Bd., 915 F.2d 636, 640 n. 2 (11th Cir. 1990) and cases cited.  If a judge is acting in his judicial capacity, he is entitled to absolute immunity from liability for damages under Section 1983 unless he acts in the "clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 355-357, 98 S.Ct. 1099, 1104-05, 55 L. Ed.2d 331 (1978).  In Stump v. Sparkman, the United States Supreme Court set "forth a two-part test for determining when a judge is entitled to immunity from money damages liability when sued under Section 1983." Simmons v. Conger, 86 F.3d 1080, 1084 (11th Cir. 1996),

*citing* Stump, 435 U.S. 349, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978).  "The first part of the test is whether the judge dealt with the plaintiff in a judicial capacity."  Simmons, 86 F.3d at 1084-1085, *quoting* Stump, 435 U.S. at 362, 98 S. Ct. at 1107.  Immunity would only exist if the judge dealt with the plaintiff in a judicial capacity.  86 F.3d at 1085; 435 U.S. at 362, 98 S. Ct. at 1107.  In this case, it is clear that the Defendants Peter Webster, Edward T. Barfield, and Marguerite Davis, all appellate judges for the First District Court of Appeal, were acting in their judicial capacity since Plaintiff's claims stem from their "denial of Plaintiff's legal challenges."

If this first part is satisfied, the second part of the test looks at "whether the judge acted in the 'clear absence of all jurisdiction.'"  86 F.3d at 1085; 435 U.S. at 357, 98 S. Ct. at 1105, *quoting* Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351, 20 L. Ed. 646 (1872).  Plaintiff does not argue that they had no jurisdiction over his sentencing, he simply disagrees with their decision.  Therefore, because both prongs of the Stump test for judicial immunity have been met, the claims against the judges must be dismissed.

Likewise, prosecuting attorneys are absolutely immune from their acts in initiating or pursuing criminal prosecution.  Imbler v. Pachtman, 424 U.S. 409, 431 (1976); Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999).  Such absolute immunity extends to a prosecutor's "acts undertaken...in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State."  Buckley v. Fitzsimmons, 509 U.S. 259, 273, 113 S. Ct. 2606, 125 L.Ed.2d 209 (1993).  Thus, Plaintiff's claims against state attorney Edward C. Hill for his role in prosecuting him should also be dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's

*Case No: 4:05-cv-00262-MP-AK*

complaint (doc. 1) be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Gainesville, Florida, this **12th** Day of April, 2006.

s/ A. KORNBLUM
**ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

*Case No: 4:05-cv-00262-MP-AK*